# In the United States Court of Federal Claims

No. 12-843T

(Filed: April 29, 2014)

|  |  |  |
|---|---|---|
| NEVADA CONTROLS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Motion to dismiss; RCFC 12(b)(6); |
| | ) | Amended Complaint; Limited Discovery |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

*Bryan D. Dixon*, Bryan D. Dixon, Attorney at Law, PLLC, Henderson, NV, for plaintiff

*Michael J. Ronickher*, U.S. Department of Justice – Tax Division, Washington, DC, for defendant

## ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT, DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT, AND SETTING A SCHEDULE FOR LIMITED DISCOVERY

This case is before the Court on the motion of the defendant, the United States of America (hereinafter "the government"), to dismiss for failure to state a claim upon which relief can be granted under the Rules of the Court of Federal Claims ("RCFC") 12(b)(6). The plaintiff, Nevada Controls, LLC, a Nevada corporation, alleges that the Secretary of the Treasury erroneously denied its claim for four grants under section 1603 of the American Recovery and Reinvestment Tax Act of 2009 ("ARRTA"), Pub. L. No. 111-5 (2009), as amended by section 707 of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312 (2010). Nevada Controls seeks $553,716 in ARRTA grants, and $40,000 in

damages to compensate it for loan penalties and interest it allegedly incurred as a result of the government's failure to award the grants.

The government argues that Nevada Controls' complaint must be dismissed because it fails to allege facts showing compliance with the application deadline set forth in section 1603(j) of ARRTA, which prohibits the Secretary of the Treasury from "mak[ing] any grant to any person under this section unless the application of such person for such grant is received before October 1, 2012."  In addition, the government argues that the Court does not have jurisdiction over Nevada Controls' claim for consequential damages resulting from the nonpayment of the grant.

Oral argument was held on the motion to dismiss by phone on April 29, 2014.  During the oral argument, counsel for plaintiff clarified the allegations in its complaint regarding its compliance with the statutory deadline.  He indicated that Nevada Controls believed that it had timely submitted specific requests for grants for the projects at issue in this case through communications  with the Secretary of the Treasury's online applications system (to which plaintiff no longer has access).  In light of that clarification, the Court will **GRANT** plaintiff leave to file a second amended complaint as requested in its opposition to the government's renewed motion to dismiss at 5, and **DENY** the government's motion to dismiss as moot.

The plaintiff shall file its amended complaint by June 27, 2014.  In addition, the parties shall complete discovery regarding the contents of the online communications between plaintiffs and the Secretary of the Treasury within sixty days of the date of this Order.  Thereafter, within thirty days of completing discovery, the parties shall submit a joint (or, if necessary separate) proposed scheduling order to govern further proceedings in the case.

2

**IT IS SO ORDERED.**

.

                    s/ Elaine D. Kaplan
                    ELAINE D. KAPLAN
                    Judge